HARTFORD ACCIDENT AND INDEMNITY COMPANY

v.

LUNDY & ROGERSON MASONRY CONTRACTING, INC.

Albert L. AMOROSO

v.

LUNDY & ROGERSON MASONRY CONTRACTING, INC.

No. 83–206–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 1986.

John F. Cuzzone, Jr., Samuel Miller, Quinn, Cuzzone & Geremia, Stephen M. Miller, Providence, for plaintiff.

Raymond A. LaFazia, Gunning, LaFazia & Gnys, Inc., Providence, Francis X. Flaherty, Warwick, for defendant.

## OPINION

**PER CURIAM.**

This matter was before the Supreme Court on an order directing the plaintiff to appear and show cause why its appeal should not be dismissed. The appeal involves a dispute over an attorney's fee deducted from a settlement that an injured employee received from a third-party tortfeasor after the employee had received workers' compensation benefits.

The insurer who had paid workers' compensation benefits filed suit against the third-party tortfeasor in its own name. Later, employee himself brought suit against the tortfeasor. The actions were consolidated for trial. The employee deducted a pro rata share of his attorney's fee from the amount offered to the insurer in satisfaction of the insurer's lien. The insurer insists that the trial justice who approved the final settlement of the consolidated suit was required to make allowance for work performed by its own attorney in connection with its suit before employee brought suit himself.

In this case, the insurer's lien was in the amount of approximately $30,000, and the settlement to which employee and his attorney agreed was $40,000.

General Laws 1956 (1979 Reenactment) § 28-35-58 clearly provides that

"when money has been recovered either by judgment or by settlement by such employee [from a third party] * * * and the employee is required to reimburse the person by whom the compensation was paid, *the employee or his attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."* (Emphasis added.)

It is undisputed that the settlement in question had been obtained through employee by his attorney's efforts. Under the terms of the statute, employee or his attorney was entitled to withhold a proportionate share of the costs and attorney's fees. The lien here was for approximately $30,-000, and the attorney's fees were the usual one-third, or $10,000. The net recovery on its lien by the insurer therefore would be $20,000. This is the amount offered by employee to the insurer.

It is irrelevant, under the statute, that the insurer filed suit before the employee or that its attorney engaged in pretrial discovery or other legal activity before the employee began his own law suit that he later settled. Consequently, there is no merit to the insurer's contention that the trial justice should have evaluated the ser-

vices rendered by the attorney for each party to decide what, if any, fees the insurer's attorney was entitled to receive. Under the act the insurer is entitled only to indemnification for its payments, and to the extent of that indemnity the insurer is subrogated to the rights of the injured employee. Section 28–35–58. The statute states only that "the employee may take proceedings." It is silent in regard to the question of whether the subrogated insurer may bring suit in its own name. The resolution of that question is not necessary to our determination of this appeal; therefore, we decline to address the question at this time. However, the insurer's rights are derivative only, and the employee and his attorney are the only persons whose authority and rights are set out explicitly in the statute. Therefore, these rights may not be diminished or foreclosed by any action of the insurer.

For these reasons, the appeal of Hartford Accident and Indemnity Company is denied and dismissed. The judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.

WEISBERGER, J., did not participate.